IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00642-PAB-BNB

UNITED STATES OF AMERICA *ex rel.* TERRY LEE FOWLER and LYSSA TOWL,

    Plaintiff,

v.                             **CASE RESTRICTED**

EVERCARE HOSPICE, INC., a Delaware corporation,
OVATIONS, INC., a Delaware corporation,
OPTUMHEALTH, LLC, a Delaware limited liability corporation,
UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation, and
UNITED HEALTH GROUP, INC., a Minnesota corporation,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Unopposed Motion to Consolidate Cases [Docket No. 27] filed by plaintiff the United States of America (the "United States"). The United States seeks an order consolidating this case with a related case, No. 14-cv-01647-PAB, pending before the Court. Defendants have not yet been served because this case is under seal and thus have not been consulted on this motion.

**I. DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The

purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Both of the cases in question involve the same factual allegations and legal theories, namely, that defendants are fraudulently billing the federal Medicare program for hospice benefits on behalf of ineligible patients. The additional defendants in the earlier case are current or former owners of defendant Evercare Hospice, Inc. Docket No. 1 at 4-5, ¶ 17-20. Therefore, because the cases involve common questions of law and fact, *United States of America* ex rel. *Fowler v. Evercare Hospice, Inc.*, 11-cv-00642-PAB-BNB, and *United States of America* ex rel. *Sharlene Rice v. Evercare Hospice, Inc.*, 14-cv-01647-PAB, shall be consolidated.

## II. CONCLUSION

Accordingly, it is

**ORDERED** that the Unopposed Motion to Consolidate Cases [Docket No. 27] filed by plaintiff the United States of America is GRANTED. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 11-cv-00642-PAB-BNB and 14-cv-01647-PAB shall be consolidated for all purposes. It is further

**ORDERED** that, as of the date of this Order, all future pleadings and other filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 11-cv-00642-PAB-BNB
    (Consolidated with Civil Action No. 14-cv-01647-PAB)

---

Civil Action No. 11-cv-00642-PAB-BNB

UNITED STATES OF AMERICA *ex rel.* TERRY LEE FOWLER and LYSSA TOWL,

    Plaintiff,

v.

EVERCARE HOSPICE, INC., a Delaware corporation,
OVATIONS, INC., a Delaware corporation,
OPTUMHEALTH, LLC, a Delaware limited liability corporation,
UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation, and
UNITED HEALTH GROUP, INC., a Minnesota corporation,

    Defendants.

---

Civil Action No. 14-cv-01647-PAB
UNITED STATES OF AMERICA *ex rel.* SHARLENE RICE,

    Plaintiff,

v.

EVERCARE HOSPICE, INC.,

    Defendant.

---

    It is further

**ORDERED** that the United States shall notify the Court of its decision to intervene in these consolidated cases on or before **Thursday, July 10, 2014**. It is further

**ORDERED** that the complaints and all other filings shall remain restricted until the United States notices its election, or until further order of this Court. It is further

**ORDERED** that a copy of this Order may be served upon Relators and their counsel.

DATED June 24, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge