**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00642-PAB-NYW
(Consolidated with Civil Action No. 14-cv-01647-PAB)
_____

Civil Action No. 11-cv-00642-PAB-NYW

UNITED STATES OF AMERICA, *ex rel.* TERRY LEE FOWLER, and LYSSA TOWL,

    Plaintiff,

v.

EVERCARE HOSPICE, INC., n/k/a OPTUM PALLIATIVE AND HOSPICE CARE a
Delaware corporation,
OVATIONS, INC., a Delaware corporation, and
OPTUMHEALTH HOLDINGS, LLC, a Delaware limited liability corporation,

    Defendants.
_____

Civil Action No. 14-cv-01647-PAB

UNITED STATES OF AMERICA *ex rel.* SHARLENE RICE,

    Plaintiff,

v.

EVERCARE HOSPICE, INC.

    Defendant.

**DISCOVERY ORDER REGARDING PRODUCED PRIVILEGED MATERIAL**

    Plaintiffs and Defendants (the "Parties") have jointly moved the court for an Order

regarding inadvertently produced privileged information with the following protective

1

provisions for the Parties and for third parties. The Parties have expressed a need to allow discovery to proceed in an expeditious and efficient manner in this action without waiver of any privilege or other protection. Understanding that numerous documents are to be produced in this action, the court hereby ORDERS as follows:

### General Provisions

1. The Parties recognize that in this action each Party (and potentially third parties) will review and disclose large quantities of information and documents through the discovery process. As a result, information and documents produced for inspection by, copied by, or delivered to another Party could include materials subject to privilege or other legally recognized protection and thus not subject to disclosure in discovery.

2. Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern the inadvertent disclosure of information produced in discovery subject to a claim of privilege. Absent this Discovery Order, the effect of disclosure of privileged information is not certain given some case law dealing with this issue, namely, whether privileges will be deemed to have been waived by the disclosure of privileged information. This Order clarifies for this action the effect of disclosure of privileged information, extends the protections of Rule 26(b)(5)(B) and Rule 502 to third parties producing information as part of this action, and provides a framework for resolving disputes, if any, that might arise as to information produced in discovery subject to a claim of privilege.

3. The term "document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) & (B).  The term "documents produced," as used herein, means all documents made available for review or produced in any manner during this litigation:

   (a) from a Party, a third party, or a contractor to a Party or third party ("Producing Party"); and,

   (b) to another Party or Parties ("Receiving Party").

4. This Order applies to attorney-client privilege, work-product protections, including protections afforded by Fed. R. Civ. P. 26(b), Government privileges, and all privileges that may lawfully be asserted, without limitation.

**Provisions Regarding Privileged or Otherwise Protected Materials**

5. In view of the large volume of documents to be produced, documents produced may include documents that could have been withheld in whole or in part upon the basis of an absolute or qualified privilege or some other protection from disclosure.  Mere production of all or a part of a document shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

6. If a Receiving Party discovers a document produced by another Party that reasonably appears to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and return, sequester, delete, or destroy the document.  Nothing in this Order is intended to shift the burden to identify

privileged and protected documents from the Producing Party to the Receiving Party.

7. If a Producing Party determines that it has produced a privileged or otherwise protected document, the Producing Party shall provide written notice requesting the Receiving Party promptly to return, sequester, delete, or destroy the document.  Alternatively, the Producing Party's notice may seek the redaction of a portion of the document to obscure the privileged or otherwise protected information by providing a redacted document and requesting that all non-redacted copies or images of the document be deleted, destroyed, or returned.

8. The notices referenced in paragraphs 6 and 7 shall be in writing, shall be served upon counsel of record for all parties, and shall contain information sufficient to: (a) identify the document, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced; (b) identify the privilege or protection asserted (the "privilege claim"); and (c) explain the basis for the invocation of the privilege or protection.
To be effective, the notice shall be provided within a reasonable time, but no later than twenty-eight (28) days after a Party discovers the production of the privileged or otherwise protected document.

9. After receiving or providing a notice referenced in paragraphs 6 or 7, a Receiving Party must not review, use or disclose the document or information and must promptly return, sequester, delete, or destroy the document or redact the portion of the document identified in the notice, and may not use or disclose the

document or information identified by the Producing Party until the privilege claim is resolved. If a Receiving Party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information. The Producing Party must preserve the specified document or information until the privilege claim is resolved.

10. If the Receiving Party does not agree with the privilege claim based on its prior review of the document or information or its understanding of the privilege claim, the Parties must promptly meet and confer in an attempt to resolve the dispute. If meeting and conferring regarding the privilege claim does not resolve the dispute, the Receiving Party may present the document or information to the Court under seal in accordance with D.C.COLO.LCivR 7.2 for a determination of the privilege claim, and any Party in possession of the document or information must preserve the document or information until the privilege claim is resolved. *See* Fed. R. Civ. P. 26(b)(5)(B). The burden of proving the privilege claim remains with the Producing Party. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any such motion must be filed within twenty-eight (28) days from the receipt of the notice. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged.

11. Nothing in this Order shall prohibit Parties from withholding from review and production any document covered by any privilege or other protection properly claimed.

12. Experts for any Party may review any document produced, but experts shall be bound by any notice under this Order to the same extent as the Party sponsoring the expert.

13. The obligation of the Receiving Party to return or destroy materials under this Order does not apply to disaster recovery systems maintained by the United States Department of Justice or by counsel for the other Parties to this litigation. However, if such disaster recovery systems are accessed or restored, then any privileged materials on those systems relating to this case shall be destroyed if destruction is required elsewhere in this Order.

### Provisions Regarding Administration of this Order

14. This Order covers all documents already produced by a Party to another Party.

15. If any Party has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

16. Any Party may seek modification of this Order for good cause at any time, but the provisions of this Order shall continue to be binding after the termination of this action unless otherwise ordered.

ORDERED this 17th day of March, 2015.

    s/ Nina Y. Wang
United States Magistrate Judge