**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00642-PAB-NYW
      (Consolidated with Civil Action No. 14-cv-01647-PAB)

_____

Civil Action No. 11-cv-00642-PAB-NYW

UNITED STATES OF AMERICA, *ex rel.* TERRY LEE FOWLER, and LYSSA TOWL,

      Plaintiff,

v.

EVERCARE HOSPICE, INC., n/k/a OPTUM PALLIATIVE AND HOSPICE CARE a
Delaware corporation,
OVATIONS, INC., a Delaware corporation, and
OPTUMHEALTH HOLDINGS, LLC, a Delaware limited liability corporation,

      Defendants.

_____

Civil Action No. 14-cv-01647-PAB

UNITED STATES OF AMERICA *ex rel.* SHARLENE RICE,

      Plaintiff,

v.

EVERCARE HOSPICE, INC.

      Defendant.

_____

**PROTECTIVE ORDER**

_____

Upon a showing of good cause in support of the entry of a Protective Order to

1

protect the discovery and dissemination of confidential information, including Protected Health Information and proprietary business information, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order:

(a) "Document" is defined as provided in Fed. R. Civ. P. 34(a), including any electronically-stored information, or tangible thing.  A draft or non-identical copy is a separate document within the meaning of this term.

(b) "Protected Health Information" or "PHI" means "protected health information" as defined in 45 C.F.R. § 160.103.

(c) "Proprietary Information" means trade secret or other confidential research, development, or commercial information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

(d) "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. § 160.103.

(e) "Litigation" is understood to include the above-captioned cases as well as all related appellate proceedings or the expiration of time to commence such appellate proceedings.

2

(f) "Conclusion" is understood to include the time for any records retention requirement and statute of limitations applicable to a Party or a Party's counsel.

3. Information designated as "CONFIDENTIAL" pursuant to this Protective Order (hereinafter "CONFIDENTIAL Information") shall be information that contains PHI or Proprietary Information.

4. CONFIDENTIAL Information shall not be disclosed or used for any purpose other than the litigation of this case.

5. Upon producing PHI or Proprietary Information to a Party pursuant to a discovery request or other lawful process, the producing Party should designate a Document with PHI or Proprietary Information as "CONFIDENTIAL." To designate a Document with PHI or Proprietary Information as "CONFIDENTIAL," the producing Party shall, if practical, designate "CONFIDENTIAL" on every page of the Document with PHI or Proprietary Information in the same manner in which every page is bates stamped. If not practical to designate "CONFIDENTIAL" on the Document, then the producing Party shall designate the Document as Confidential in correspondence, a response to a discovery request, or in some other manner reasonably giving notice of the designation. It is "practical" to designate "CONFIDENTIAL" on every page of the Document if the Document is produced with a bates stamp on every page. It is not "practical" to designate "CONFIDENTIAL" on every page of the Document if the Document is a

3

spreadsheet or presentation file produced in native format (*e.g.*, Microsoft Excel, PowerPoint, or Access).

6. The Parties shall permit only the following persons, who shall be referred to herein as "Authorized Representatives," to have access to CONFIDENTIAL Information:

(a) the Parties' and their employees and agents;

(b) the Parties' legal counsel and their employees and agents;

(c) any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service ("Service Providers"), designated by a Party or a Party's legal counsel in this case;

(d) the Parties' experts and consultants and their employees and agents;

(e) individuals who any Party or Party's legal counsel interviews or deposes;

(f) the court and court-related personnel; and

(g) such other persons if this Court so orders or if the Parties agree in writing.

7. Except for the individuals designated under Paragraph 6(f), Tthe Parties shall ensure that each Authorized Representative who reviews or is given access to another Party's CONFIDENTIAL Information reads, agrees to, and signs a copy of the attached Acknowledgement of Protective Order. Entry of this Order by the Court will constitute Acknowledgement by the Parties and their

4

legal counsel.  Where the Authorized Representative is an entity, an officer or manager of the entity may sign the Acknowledgement of Protective Order on behalf of the entire entity. The Parties' legal counsel shall maintain the copy of the Protective Order as signed by each Authorized Representative and shall permit the opposing Party's legal counsel to inspect said copy or copies upon request.

8.  CONFIDENTIAL Information shall not be filed with or submitted to the Court or reproduced in any court filing unless the Document or filing is filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 or all PHI or Proprietary Information is removed or redacted.  Any party seeking to restrict access to part or all of a document must proceed under D.C.COLO.LCivR 7.2, and the Parties' agreement alone is insufficient to establish the grounds to restrict.

9.  No later than 90 days following the conclusion of the Litigation, the Parties and their Authorized Representatives shall destroy or return to the opposing Party's legal counsel all CONFIDENTIAL Information.  Within the same 90 days, the Parties shall exchange verified certifications that, to the best of each Party's and its Authorized Representatives' knowledge, information, and belief, all CONFIDENTIAL Information has been returned or destroyed.

### TERMS SPECIFIC TO PROTECTED HEALTH INFORMATION

(a)      Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the  Health Insurance Portability and Accountability Act ("HIPAA"), the Parties' legal  counsel in this case, the employees and

agents of each Party and each Party's legal counsel in this case, and all non-party Covered Entities are expressly and specifically authorized to provide PHI in accordance with this order to:

(b)      respond to Interrogatories served pursuant to the Federal Rules of Civil Procedure in this case seeking PHI;

(c) respond to Requests for Production of Documents, including electronically stored information, served pursuant to the Federal Rules of Civil Procedure in this case seeking PHI;

(d) respond to Requests for Admission served pursuant to the Federal Rules of Procedure in this case seeking PHI;

(e) request interviews or depositions and interview, depose, or respond in interviews or depositions in which PHI might be disclosed;

(f) prepare briefs and other materials for the Court so long as such materials are treated in accordance with Paragraph 8 of this Order; and

(g) disclose PHI to a Party's expert regardless of whether the expert is a consulting or testifying expert.

10. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, each deponent noticed for deposition in this case, including but not limited to a Party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the Parties' legal counsel in this case and the employees and agents of each Party and each Party's legal counsel in this case, the PHI that is responsive to deposition

6

questions or a valid subpoena *duces tecum*.

11. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically authorized to do so with, to, or before any Service Providers designated by a Party or a Party's legal counsel in this case.  The protections and requirements of Paragraphs 4 and 9 of this Protective Order apply to Service Providers.  Each Party or the Party's legal counsel is charged with obtaining advance consent of such service provider to comply with this paragraph.  Upon such consent, the service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of this case for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

12. Except for business associate agreements (as defined by HIPAA) entered into by a Party or a Party's legal counsel for purposes of satisfying the requirements of Paragraph 12 above, the uses and disclosures of PHI authorized under this Protective Order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any Party, any Party's legal counsel, or any disclosing person or entity.  No use or disclosure made pursuant to this Protective Order shall be deemed to require the execution of a business associate agreement (as defined by HIPAA).  The intent of this Protective Order is that such business associate agreements, including

any requirement for such agreements under the HIPAA regulations, should be

construed as inapplicable to uses and disclosures under this Protective Order

and as limited only to uses and disclosures of PHI outside of this Protective

Order.

## TERMS SPECIFIC TO PROPRIETARY INFORMATION

13. For Documents containing Proprietary Information designated as Confidential, a

Party's or a non-party's production of the Documents in this case shall not be

construed as waiving or diminishing the Party's or the non-party's interests in and

rights to the confidentiality of Proprietary Information, unless otherwise ordered

by the court.

## GENERAL PROVISIONS

14. The Parties may use and disclose CONFIDENTIAL Information during

depositions; however, if practicable, such CONFIDENTIAL Information should

only be disclosed to deponents who the disclosing party reasonably believes

already have that information.  For depositions taken as part of this case, the

entire deposition transcript and all deposition exhibits will be treated as

CONFIDENTIAL Information for sixty (60) days.  The portions of the transcript

and exhibits not specifically designated as CONFIDENTIAL Information within

sixty (60) days will no longer be treated as CONFIDENTIAL Information under

this Order.  ~~The~~ To the extent that a party seeks to submit CONFIDENTIAL

portions and exhibits ~~shall be filed~~ as restricted, the party will proceed to file a

motion in accordance with D.C.COLO.LCivR 7.2.

15. Nothing in this Protective Order shall limit any Party's right to object to another Party's designation of any Documents or information as CONFIDENTIAL Information.  A Party may object to the designation of CONFIDENTIAL Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  After notification of such objection, the Parties shall confer and attempt to resolve the issue informally before involving the Court.  If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file within twenty eight (28) days an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If the disputed CONFIDENTIAL Information is attached to such a motion, ~~it shall be filed~~the party will file a motion in accordance with D.C.COLO.LCivR 7.2 and retain the mark "CONFIDENTIAL."  If such a motion is timely filed, the disputed information shall  be treated as CONFIDENTIAL under the terms of this Protective Order until the  Court rules on the motion.  The burden of establishing that the information at  issue should be designated as CONFIDENTIAL is on the Party asserting that the  information should be CONFIDENTIAL.

9

16. Nothing in this Protective Order shall give any Party a basis to withhold or slow the production of Documents.  If a Party files a motion under Paragraph 15~~16~~, and if  the court rules against the producing Party, that Party shall reproduce that same  information without the designation.

17. The failure to designate any Documents as "CONFIDENTIAL" as provided in this Protective Order shall not constitute a waiver of a Party's right to assert that the Documents are CONFIDENTIAL Information covered by this Protective Order, as long as the production of such information was inadvertent and the designating Party notifies the receiving Party of the inadvertent production within fourteen (14) days of discovery of the inadvertent production.

18. Any production before this Protective Order was entered of Documents with PHI or Proprietary Information that ~~were~~ was not designated in accordance with this Protective Order does not violate this Protective Order.  Documents produced before this Protective Order was entered are entitled to be considered as CONFIDENTIAL Information under the terms of this Protective Order by use of the following procedure.  On or before August 24, 2015, any Party claiming that documents produced before this Protective Order was entered are entitled to be treated as CONFIDENTIAL Information shall produce to all other Parties a log of such documents, including the Bates Number (or other specific identifying information) and the marking on the document.  Only documents that already

contain a marking indicating that the document is confidential are entitled to be considered as CONFIDENTIAL Information.  On or before September 24, 2015, any Party may object to any Party's designation of documents produced before this Protective Order was entered as CONFIDENTIAL Information using the procedures in Paragraph 16.  Alternatively, documents produced before this Protective Order was entered that contain PHI or Proprietary Information may be reproduced with the "CONFIDENTIAL" designation and treated in accordance with the terms of this Protective Order.

19. Nothing in this Protective Order shall prevent any Party from objecting to discovery on any basis permitted under the Federal Rules of Civil Procedure.

20. This Protective Order does not constitute a ruling on the question of whether any particular Document is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any Document.

21. Nothing in this Protective Order shall be construed as precluding a Party from objecting to the use of CONFIDENTIAL Information on grounds other than confidentiality or be construed as relevant to the issue of whether any Document or information is or is not admissible into evidence in this case.  Such objections are to be governed by this Court's orders.

22. Nothing in this Protective Order shall prevent the United States from disclosing or limit or impair the United States' ability to disclose to any agency or department of the United States, or any division of any such agency or department, CONFIDENTIAL Information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any CONFIDENTIAL Information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the CONFIDENTIAL Information consistent with the terms of this Protective Order.

23. Nothing in this Protective Order shall prevent the United States from disclosing or limit or impair the United States' ability to disclose CONFIDENTIAL Information obtained from a Party or non-party to a Congressional entity if such Congressional entity requests such CONFIDENTIAL Information; provided, however, that the United States shall notify the Congressional entity requesting the Documents that the CONFIDENTIAL Information has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the Documents, use a reasonable effort to

notify the producing Party or non-party of the Congressional entity's request and the United States' responses thereto.

24. In the event of a request by a non-party (excluding Congress or any agency of the United States) for disclosure of an opposing Party's CONFIDENTIAL Information, the Party will protect the opposing Party's CONFIDENTIAL Information to the fullest extent permitted by law.  The Party will take reasonable steps to provide notice to the legal counsel of the opposing Party whose CONFIDENTIAL Information is requested, as is allowable under the law, prior to the disclosure of CONFIDENTIAL Information to a non-party who requests disclosure under any provision of law.

25. If a non-party produces Documents as part of this case, the non-party may designate such Documents as CONFIDENTIAL Information and all Documents so designated shall be subject to the terms of this Protective Order and shall be entitled to the protections afforded herein.

26. If a Party produces documents that would otherwise be protected by the Privacy Act, this Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production.

27. The procedures for use of CONFIDENTIAL Information during any hearing or the trial of these matters shall be controlled by the Court's order or orders for the hearing or trial.

28. Nothing in this Protective Order shall prevent any Party from seeking modification of this Protective Order for good cause.


~~ORDERED~~ DATED this 17th day of March, 2015.

                                        BY THE COURT:

                                        s/ Nina Y. Wang
                                        United States Magistrate Judge

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00642-PAB-NYW
        (Consolidated with Civil Action No. 14-cv-01647-PAB)

_____

Civil Action No. 11-cv-00642-PAB-NYW

UNITED STATES OF AMERICA, *ex rel.* TERRY LEE FOWLER, and LYSSA TOWL,

        Plaintiff,

v.

EVERCARE HOSPICE, INC., a Delaware corporation,
OVATIONS, INC., a Delaware corporation,
OPTUMHEALTH, LLC, a Delaware limited liability corporation,
UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation, and
UNITED HEALTH GROUP, INC., a Minnesota corporation.

        Defendants.

_____

Civil Action No. 14-cv-01647-PAB

UNITED STATES OF AMERICA *ex rel.* SHARLENE RICE,

        Plaintiff,

v.

EVERCARE HOSPICE, INC.

        Defendant.

_____

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

_____

1

I have read and understand the Protective Order governing the disclosure of confidential information ("Protective Order") entered in this action.  I hereby agree to be bound by the terms of the Protective Order. Specifically, I agree that I will use confidential documents and any information contained therein only for purposes of this case, including any appeals, and not for any other purpose of any kind; that I will destroy or return all confidential documents to counsel within ninety (90) days after the later of the termination of this litigation or expiration of all rights to appeal and that I will take all appropriate steps to keep the confidential documents and any information contained therein confidential.  I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado in the above-captioned case for the purpose of enforcing the Protective Order.

Dated: **＿＿＿＿＿＿＿＿＿＿＿＿＿＿**

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
[signature]


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
[print name]

2