IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00642-PAB-NYW
(Consolidated with Civil Action No. 14-cv-1647-PAB)

UNITED STATES OF AMERICA, *ex rel.*, TERRY LEE FOWLER, and LYSSA TOWL,

      Plaintiff,

v.

EVERCARE HOSPICE, INC., n/k/a OPTUM PALLIATIVE AND HOSPICE CARE, a Delaware corporation,
OVATIONS, INC., a Delaware corporation, and
OPTUMHEALTH, LLC, a Delaware limited liability corporation,

      Defendants.
_____

Civil Action No. 14-cv-1647-PAB

UNITED STATES OF AMERICA *ex rel.* SHARLENE RICE,

      Plaintiff,

v.

EVERCARE HOSPICE, INC.,

      Defendant.
_____

**ORDER**
_____

Magistrate Judge Nina Y. Wang

      This matter was before the court on a Status Conference held on December 17, 2015. [#139]. This case was initially filed on March 15, 2011, and the court permitted several extensions for United States to determine whether it would intervene. On August 25, 2014, the United States filed a Notice of Election to Partially Intervene and Partially Decline to Intervene. [#34]. The United States indicated that it intended to intervene on allegations that Defendant

Evercare Hospice, Inc. ("Evercare") submitted false Medicare hospice claims for patients who were ineligible for hospice benefits because they were not terminally ill, but declined to intervene in all other allegations. [*Id.*] On November 10, 2014, the United States filed a Consolidated Complaint in Intervention. [#46]. In that Consolidated Complaint, the United States identified hospice programs in 13 states at issue: Alabama, Arizona, California, Colorado, Georgia, Illinois, Ohio, Maryland, Massachusetts, Missouri, Pennsylvania, Texas, and Virginia. [*Id.* at ¶ 8]. The original Consolidated Complaint alleges that Defendants knowingly presented false claims for patients who were not terminally ill, and therefore, were paid Medicare benefits to which Evercare were not entitled. [*Id.* at 52]. The United States also alleged that it is entitled to recover payments to Defendants by mistake and through unjust enrichment. [#46 at 53-54]. A Second Amended Complaint was filed by the United States on February 24, 2015, in which the only remaining claim is one for submission of false claims against Evercare, now known as Defendants Ovations, Inc. and OptumHealth Holdings, LLC, the successors-in-interest to Evercare. [#86].

In anticipation of the December 17 Status Conference, the Parties submitted a Joint Status Report, in which they reported that there were no discovery disputes, but "[d]espite its extensive efforts, due to the complexity of the medical review, the size and number of records under review, the time needed to complete review of each file, the recent receipt of additional medical records, and the time needed to prepare a complete a complete and accurate report, the United States will require additional time to complete its medical review and to comply with Rule 26(a)(2)." [#134 at 3]. During the Status Conference, counsel for the United States represented that the United States intends to reduce the number of sites at issue from 13 to four, but even with that reduction, due to some unexpected issues with its medical expert, the United States

would be unable to comply with its January 8, 2016 deadline for the designation of experts and disclosure of a report pursuant to Rule 26(a)(2)(B). [#139, #119 at 21]. The United States further explained that it was utilizing a single expert, to ensure consistency of review across files. The United States, therefore, made an oral motion to extend the time for its designation of experts and disclosure of expert reports up to and including May 24, 2016, the date originally requested by the United States. [#139, #119 at 21]. Defendants did not oppose the requested extension, so long as any extension granted to the United States was concomitant with an extension for Defendants.

The court accepts the representations of counsel for the United States made as officers of the court as true, but must balance the unanticipated difficulties encountered and articulated by the United States, with the fact that the case has been pending now for almost five years since its inception, over a year since the United States filed its Consolidated Complaint, and almost a year since the United States filed its Second Amended Complaint. Although the Parties assure the court that discovery to date has allowed the Parties to narrow the scope of the case, the Parties' proposed schedule is one where this case will not be ready for a Final Pretrial Conference until at least May 2017 – more than six years after its initial filing—and given the court's docket and the Parties' anticipated length of a 12-week trial, it is not unreasonable to conclude that this action, if it progresses at the pace requested by the Parties, will not be trial-ready until 2018. That simply cannot be what is anticipated by Rule 1 of the Federal Rules of Civil Procedure.

Accordingly, the court will grant a limited extension of time for the United States to designate its expert and propound its required expert report, and will provide the same extension of time for Defendants to provide for rebuttal reports. Therefore, **IT IS ORDERED** that:

(1) The Parties shall designate all experts and provide opposing counsel and any *pro*

*se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) for all experts by **April 8, 2016**;

(2) The Parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) for all experts by **September 8, 2016**;

(3) All fact and expert discovery, including but not limited to depositions of experts who provide a report, will be concluded **December 31, 2016**;

(4) All dispositive motions and *Daubert* motions will be filed no later than **January 31, 2017**; and

(5) A Final Pretrial Conference will be held on **March 24, 2017 at 10:00 a.m.** A proposed Final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven (7) days before the Final Pretrial Conference. A Word version of the proposed Final Pretrial Order will be submitted concurrently with its filing to Wang_Chambers@cod.uscourts.gov.

All other provisions of the Amended Supplemental Scheduling Order entered on September 14, 2015 [#119] not specifically revised by this Order remain operative.

DATED:  December 28, 2015                           BY THE COURT:

                                                    s/ Nina Y. Wang
                                                    United States Magistrate Judge